UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   (In Chambers:) **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** (filed 7/11/2011)

## I.   INTRODUCTION & BACKGROUND

On May 23, 2011, plaintiff Matthew Wilson ("Wilson") filed a complaint against defendants Kenneth A. Solomon and Solomon Entities Defined Benefit Pension Plan ("Solomon defendants"). On June 13, 2011, plaintiff filed a first amended complaint ("FAC") alleging a claim for "benefits under an employee benefit plan" governed by the Employee Retirement Income Security Act ("ERISA"). FAC at 1, ¶ 3.[1]

Specifically, the complaint alleges that the plaintiff was entitled to benefits under the Pension Plan following his resignation in August 2009, but that the Solomon defendants "arbitrarily and in bad faith" refused to accurately compute and distribute a lump sum pension payment due under the Plan. Id. ¶¶ 3, 7. Plaintiff alleges that his attorney wrote to Kenneth Solomon to dispute the manner in which his lump sum distribution had been calculated, provided specific reasons why defendant's calculation was incorrect, and demanded that the lump sum distribution be calculated correctly. Id. ¶

---

[1]The FAC names "Charan Mellor" as the plaintiff and dates his resignation as December 2009. FAC at 1, ¶ 7. However, the caption of the FAC, the remainder of the moving papers, and the original complaint all state Matthew Wilson as the plaintiff and August 2009 as the date of his resignation. Accordingly, the Court adopts the latter facts as true.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

8. According to plaintiff, Kenneth Solomon responded with his own letter stating his disagreement with plaintiff's contention that the benefits had been miscalculated and allegedly threatening to initiate legal proceedings against plaintiff on a separate matter should plaintiff initiate any legal proceedings against Kenneth Solomon. Id. Plaintiff alleges he was never notified of his right to appeal the defendants' decision, but that he nevertheless made several attempts to resolve the matter prior to bringing this action which were either ignored or answered with threats of unrelated litigation. Id. Thus, according to plaintiff, he "exhausted his administrative remedies to the best of his abilities," and defendant "demonstrated any further actions seeking administrative remedies would be futile." Id. Plaintiff pled unspecified damages. Id. ¶¶ 9, 10.

On July 1, 2011, defendants moved to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff opposed the motion on July 18, 2011, and defendants replied on July 20, 2011. After carefully considering the arguments set forth by each party, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Fed. R. Civ. P. 8(a)(2) and 12(e)

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

### III. DISCUSSION

Defendants move to dismiss plaintiff's complaint on the grounds that he failed to exhaust ERISA's administrative remedies and failed to adequately plead futility as an excuse for not exhausting his administrative remedies. Each will be discussed in turn.

### A. Exhausting ERISA's Administrative Remedies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

ERISA permits a participant in an ERISA-regulated pension plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); Grenell v. UPS Health and Welfare Package, 390 F. Supp. 2d 932, 935 (C.D. Cal. 2005). However, prior to invoking this private right of action, an ERISA plaintiff must first exhaust the administrative remedial mechanisms provided for in the plan itself. Id.; see also Chappel v. Lab. Corp. of Am., 232 F.3d 719, 724 (9th Cir.2000). Defendants' chief contention in support of dismissal is that plaintiff failed to exhaust his administrative remedies as required by the Pension Plan and ERISA. Mot. at 5. Paragraph 2.8 of the Pension Plan provides in part:

> Any Employee . . . who has been denied a benefit by a decision of the Administrator . . . shall be entitled to request the Administrator to give further consideration to a claim by filing with the Administrator a written request for a hearing. Such request, together with a written statement of the reasons why the claimant believes the claim should be allowed, shall be filed with the Administrator no later than sixty (60) days after receipt of the written notification provided for in Section 2.7.

Declaration of Kenneth A. Solomon ("Solomon Decl.") Exh. 1, ¶ 2.8.

Defendants argue that plaintiff has failed to allege that he availed himself of the claims review procedure and therefore has not exhausted his administrative remedies. Mot. at 5–6.

Plaintiff responds by arguing ERISA itself does not require beneficiaries to exhaust their administrative remedies prior to bringing suit and that its exhaustion "requirement" is prudential rather than jurisdictional.[2] Opp'n at 2. According to plaintiff, he was not

---

[2]Plaintiff is correct that ERISA's exhaustion requirement is not jurisdictional. Mack v. Kuckenmeister, 619 F.3d 1010, 1020 (9th Cir. 2010). However, a failure to exhaust non-judicial remedies that are not jurisdictional should be treated as a matter in abatement, which is properly subject to a Rule 12(b)(6) motion rather than a motion for summary judgment. Inlandboatmens Union of the Pac. v. Dutra Group, 279 F.3d 1075,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

required to allege in his complaint that he exhausted his administrative remedies.  Id. Plaintiff argues that he nevertheless pled exhaustion by alleging that his attorney sent a letter to Kenneth Solomon explaining why plaintiff disputed his Pension Plan payout calculations.  Id. at 3.  Furthermore, plaintiff contends that "[i]f Solomon believed . . . that there were further steps that Plaintiff needed to take for his claim to be reviewed he should have notified Plaintiff," and that it was not plaintiff's responsibility to invoke the review procedures.  Id. at 4.

The Court finds that plaintiff has not exhausted his administrative procedures.  Although the "exhaustion doctrine" is not "explicitly set out" in ERISA, the Ninth Circuit "announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court."  Diaz v. United Agr. Employee Welfare Ben. Plan and Trust, 50 F.3d 1478, 1483 (9th Cir. 1995); see also Noren v. Jefferson Pilot Financial Ins. Co., 378 Fed. Appx. 696, 697 (9th Cir. 2010).  "Consequently the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and as a matter of sound policy they should usually do so."  Diaz, 50 F.3d at 1483 (internal quotation marks omitted) (citing Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980)).  The administrator of an ERISA-based benefit plan is charged with the duty to administer benefits "in accordance with the documents and instruments governing the plan insofar as the documents and instruments are consistent [with ERISA]."  Metro. Life Ins. Co. v. Parker, 436 F.3d 1109, 1111 (9th Cir. 2006) (quoting 29 U.S.C. § 1104(a)(1)(D)).

The Pension Plan at issue here explicitly requires a claimant to "fil[e] with the Administrator a written request for a hearing . . . together with a written statement of the reasons why the claimant believes the claim should be allowed."  Solomon Decl. Exh. 1 ¶ 2.8.  Nowhere in plaintiff's allegations does he claim to have filed a written request for a hearing.  Although plaintiff alleges his attorney sent a letter to Kenneth Solomon "to

---

1083 (9th Cir. 2002); Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988).  This is because "[s]ummary judgment is on the merits," whereas "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits."  Stauffer Chem. Co. v. FDA, 670 F.2d 106, 108 (9th Cir. 1982); Heath v. Cleary, 708 F.3d 1376, 1380 n.4 (9th Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

dispute the manner in which his lump sum distribution had been calculated," he never filed a written request for a hearing per the mandates of ¶ 2.8 of the Plan.  FAC ¶ 8; Solomon Decl. Exh. 1, ¶ 2.8.  Plaintiff's contention that he was "never notified of his right to appeal" is belied by the language of ¶ 2.8, which explicitly notifies plaintiff of his right to request a hearing on any claim to benefits that was denied.  FAC ¶ 8; Solomon Decl. Exh. 1, ¶ 2.8.

Accordingly, the Court finds that plaintiff failed to exhaust his administrative remedies.  The only remaining question is whether his failure to do so is excused.

### B.     Futility

The Ninth Circuit recognizes a futility exception to the requirement that an ERISA plaintiff exhaust his administrative remedies prior to filing a claim in federal court. Amato v. Bernard, 618 F.2d 559, 566–68 (9th Cir. 1980).  A plaintiff must allege "*why*" an appeal of the claim denial would have been futile.  Grenell, 390 F. Supp. 2d at 935 (emphasis in original).  "[U]nsupported allegations of futility will not sustain the futility exception to the exhaustion requirement."  Id. (citing Diaz, 50 F.3d at 1485 ("[B]are assertions of futility are insufficient to bring a claim within the futility exception.").  In Grenell, the court rejected plaintiff's conclusory allegations that "[a]ll of [plaintiff's] further efforts would have been futile" and "[a]ny attempt by [plaintif] to file further appeals, or to perfect additional or new claims, would have met with the same result: denial."  Grenell, 390 F. Supp. 2d at 935; see also Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 2000) (holding that to establish futility, a plaintiff must show that he or she was unable to present a claim for administrative review without reference to the probable outcome of the administrator's review).

Furthermore, representations by a benefits committee indicating that plaintiff's potential claim is meritless "do not relieve a claimant from following the prescribed administrative procedure of the benefit plan."  Shamoun v. Board of Trustees, 357 F. Supp. 2d 598, 605 (E.D.N.Y. 2005).  See also Barnett v. Int'l Bus. Mach. Corp., 885 F. Supp. 581, 586 (S.D.N.Y. 1995).  In Barnett, the plaintiff allegedly had been told by several members of the management committee that any application she made for benefits would be denied.  Id.  As a result, the plaintiff never made a formal request for benefits.  Id.  Later, when the plaintiff filed suit, she argued any administrative recourse

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

would have been futile because her claims had been denied *de facto*. Id. The court rejected her argument because she did not allege that she had been denied information about the proper procedures for filing an administrative claim. Id. Indeed, futility is usually "applied in a context in which there has been, in some form, an unambiguous application for benefits and a formal or informal administrative decision denying benefits and it is clear that seeking further administrative review of the decision would be futile." Id. at 588; see also Diaz, 50 F.3d at 1485.

     Here, according to defendants, plaintiff failed to allege facts explaining "why" exhausting his administrative remedies would have been futile. Mot. at 8. Defendants assert that any letters sent by plaintiff to defendants and vice versa cannot support a finding of futility, especially because plaintiffs never "even submitt[ed] a written request for [a] hearing with the Plan's Administrator." Mot. at 7–8; Reply at 4.

     Plaintiff responds that he pled futility by alleging that his "further attempts to resolve this matter" were "either ignored or answered with threats of litigation." FAC ¶ 8; Opp'n at 5.

     The Court finds that plaintiff has failed to adequately allege futility. Nowhere in the FAC does plaintiff allege he formally initiated the administrative process. Although plaintiff baldly states that defendants "demonstrated any further actions seeking administrative remedies would be futile," such "unsupported allegations of futility will not sustain the futility exception." FAC ¶ 8; Grenell, 390 F. Supp. 2d at 935. Plaintiff has not alleged specifically "why" pursuing administrative remedies would be futile. Id. Furthermore, the mere fact that Kenneth Solomon allegedly indicated to plaintiff that his claim would fail is not sufficient to demonstrate futility without a formal instigation of the administrative procedures. See White v. Jacobs Eng'g Grp. Long Term Disability Benefit Plan, 896 F.2d 344, 350 (9th Cir. 1989); Shamoun, 357 F. Supp. 2d at 605; Barnett, 885 F. Supp. At 586; Diaz, 50 F.3d at 1485.

     Accordingly, the Court finds that plaintiff did not adequately allege futility to excuse his failure to exhaust his Plan's administrative remedies.

**IV.**   **CONCLUSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4397 CAS (JEMx) | Date | September 26, 2011 |
|---|---|---|---|
| Title | MATTHEW WILSON v. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN; ET AL. | | |

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |